ON REHEARING GRANTED
McCORD, Judge.
Upon consideration of appellee’s petition for rehearing, we find that our above opinion overlooked the fact that the bleachers were used by appellant during the two-year period of their detention. The rule set forth in Ocala Foundry and Machine Works v. Lester, cited in our above opinion, applies only when the unlawfully detained property was not used, but was so cared for by defendant that its condition has remained constant. If there was no deterioration, appellant would be entitled to a depreciation credit against ap-pellee’s loss of rent for the period.
Although appellant’s witness testified that the bleachers were in as good or better condition at the end of the two year period than at the beginning, appellee’s witness testified that normal attrition had taken place on the lumber; that the seats, the floorboards and the galvanized coating on the steel were, of course, two years older; that when the galvanized coating is gone, the steel must be regalvanized or it will rust out; that the bleachers had depreciated 40%.
 Apparently, the trial judge did not credit the two years (40%) depreciation against appellee’s loss of rent for the period because in weighing the evidence and judging the credibility of the witnesses, he considered the bleachers had suffered deterioration over the period. Based upon the evidence, we cannot say that he erred in not giving appellant credit for the two years depreciation (40% of the value of the bleachers) applied against appellee’s loss of rent for the period. (Since there was and is no credit given appellant for depreciation, we are not concerned with and make no ruling as to whether or not straight line depreciation based upon an estimated five year life of this property would be a proper measure of depreciation.) Appellant would have been entitled to a credit for any maintenance expense it had during the period, but it produced no evidence of any such expenses. We, therefore, recede from our previous opinion and find no error in the proceedings below.
We note a typographical error in the first sentence of our original opinion which should be corrected. The value of the property is shown by the record to be $12,000 rather than $1,200.
Affirmed.
BOYER, Acting C. J., and McCORD and MILLS, JJ., concur.